UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KIMBERLY DAVIS, as the personal representative and next of kin of JERRY DUNLAP, deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No.: 3:24-CV-180-KAC-JEM ) |
| JOHN DOES 1 AND 2, and JANE DOES 1 AND 2, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On September 15, 2025, the Court entered a Memorandum and Order dismissing Plaintiff's claims against Knox County, Tennessee, and Sheriff Tom Spangler [Doc. 30]. In that Memorandum and Order, the Court also noted that the "only remaining Defendants in this action are John Does 1 and 2 and Jane Does 1 and 2" [Doc. 31 at 11]. The Court noted that although Plaintiff originally filed this action on April 22, 2024, Plaintiff "who is represented by counsel, has not identified or served any of the Doe Defendants" [*Id.* (citing Fed. R. Civ. P. 4(m))]. And the Court observed that "the statute of limitations may have run on any claims against" the Doe Defendants [*Id.* (citing *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004)]. To address these issues, the Court ordered Plaintiff to file a status report by September 19, 2025 "outlining whether, and if so how, she intends to proceed against the Doe Defendants" [*Id.*]. The Court warned that a "failure to timely comply will be grounds for the Court to dismiss Plaintiff's remaining claims" against the Doe Defendants [*Id.* at 11-12 (citing Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008))]. The deadline has passed. Plaintiff, who is represented by counsel, has not complied with the Court's Order.

Under Rule 41(b), the Court may dismiss "any claim" where a plaintiff fails "to prosecute or to comply with these rules or a court order[.]" *See* Fed. R. Civ. P. 41(b); *see also Schafer*, 529 F.3d at 736. Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported courts[.]" *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and internal quotation marks omitted). When considering dismissal of a claim under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*See Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citation omitted).

Here, Plaintiff has willfully failed to respond to the Court's Order despite the Court's express warning that failure to do so would be grounds to dismiss Plaintiff's claims against the Doe Defendants [*See* Doc. 30 at 11-12]. And it appears that Plaintiff's claims against the Doe Defendants may be time barred. Accordingly, dismissal of Plaintiff's claims against the Doe Defendants is the appropriate sanction. Therefore, the Court **DISMISSES** Plaintiff's claims against John Does 1 and 2 and Jane Does 1 and 2 under Federal Rule of Civil Procedure 41(b). Because no claims or Defendants remain in this action, an appropriate judgment shall enter.

**SO ORDERED. AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

      /s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge